**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-MC-60011-STRAUSS**

IN RE:

**LIDA PALACIOS ABAD,**

    Applicant.

_____/

**<u>ORDER</u>**

THIS MATTER came before the Court upon Carlos Alberto Lattanzio Restrepo's Motion to Intervene and for Briefing Schedule [DE 5] (the "Motion"). I have reviewed the Motion, the Response [DE 10], the Reply [DE 12], and all other pertinent portions of the record. For the reasons discussed below, the Motion is **GRANTED**.

**<u>BACKGROUND</u>**

On January 6, 2026, Applicant Lida Palacios Abad a/k/a Ana Maria Lyda Palacios Abad ("Applicant") filed her *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceeding [DE 1] (the "Application"). Around a week later, on January 13, 2026, Applicant filed her Amended *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceeding [DE 4] (the "Amended Application"). In the Amended Application, Applicant seeks discovery from various people and entities allegedly located or found in this district for use in foreign legal proceedings. [DE 4] ¶ 1. Specifically, Applicant is seeking multiple forms of financial information regarding the assets of her husband, Carlos Alberto Lattanzio Restrepo ("Movant"), to assist her in Colombian divorce proceedings. *Id.*

On January 14, 2026, before the Court could address the Amended Application, Movant filed the Motion. *See* [DE 5] at 11. In the Motion, Movant seeks to intervene under Federal Rule of Civil Procedure 24 so that he can file a response in opposition to the Amended Application. [DE 5] at 10. Movant argues that he meets the standards for both mandatory and permissive intervention under Rule 24. *Id.* at 5-9.[1] The Court ordered Applicant to respond to the Motion, [DE 9], which Applicant timely did, [DE 10]. Among other things, Applicant argues in her Response that Movant should not be permitted to intervene under Rule 24. [DE 10] at 4-8. I disagree. Therefore, Movant may intervene under Rule 24, and the Court will deem Movant's proposed response as his opposition to the Amended Application.

## ANALYSIS

Rule 24 allows for two types of intervention—intervention as a matter of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). The Court addresses each in turn.

### I. INTERVENTION OF RIGHT

A party seeking to intervene as matter of right under Rule 24(a)(2), as Movant does here, must show four things:

> (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit.

---

[1] In the Motion, Movant also asked for leave to file his response to the Amended Application by January 28, 2026. *See* [DE 5] at 9. He argued that good cause existed and that no party would be prejudiced by the Court permitting him to file a response in opposition to the Amended Application. *Id.* Consistent with this proposed timeline, on January 28, 2026, Movant filed his *Proposed* Response in Opposition to Amended *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782. *See generally* [DE 11]. Movant asks that this filing be deemed his opposition to the Amended Application if the Court grants the Motion. *Id.* at 1 n.1.

*ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir. 1990) (citing *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)); *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 190 (2022). A district court *must* allow a party to intervene if they satisfy these four elements. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *In re Shchegoleva*, No. 25-CV-23858, 2026 WL 81771, at *3 (S.D. Fla. Jan. 12, 2026) (citing *id.*). As discussed below, Movant satisfies all four elements. Accordingly, the Court will grant the Motion.

### A.      The Motion Is Timely.

Timeliness is not a rigid standard with exact, precise limits. *See Chiles*, 865 F.2d at 1213. Courts instead consider the facts of each case by looking at (1) "the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene," (2) "the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest," (3) "the extent of prejudice to the proposed intervenor if the motion is denied," and (4) "the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles*, 865 F.2d at 1213). This Court has previously stated that "a three-week delay is timely in a § 1782 proceeding." *In re Martinez*, 736 F. Supp. 3d 1189, 1200 (S.D. Fla. 2024); *see also In re Shchegoleva*, No. 25-CV-23858, 2026 WL 81771, at *4 (S.D. Fla. Jan. 12, 2026) ("This short [approximately nine-day] interval weighs strongly in favor of timeliness under the flexible timeliness framework, particularly because § 1782 applications are frequently presented *ex parte* and the practical notice to an interested party commonly arises only after counsel learns of the filing and/or impending subpoena service." (citing *id.*)).

Here, the Motion was filed only a little over a week after the Application and only one day after the Amended Application. This (lack of) delay could not have reasonably caused prejudice to Applicant, especially considering that this Court has found longer delays in § 1782 proceedings to be timely. *See In re Martinez*, 736 F. Supp. 3d at 1200; *In re Shchegoleva*, 2026 WL 81771, at *4. This case is not one in which the intervenor learned of the proceedings and sat on this knowledge for months without doing anything. *Cf., e.g.*, *In re Pons*, No. 19-MC-23236, 2020 WL 5355967, at *5 (S.D. Fla. Sept. 7, 2020) (finding motion to intervene in § 1782 proceeding was not timely because intervenors waited five to ten months after learning of subpoenas to file motion and most targets of original subpoenas already responded to discovery requests).

### B.      Movant Has an Interest in the Discovery Applicant Seeks.

To satisfy the interest requirement, the asserted interest must be "direct, substantial, [and] legally protectable." *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (alteration in original) (quoting *Athens Lumber Co.*, 690 F.2d at 1366). "In other words, 'the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding.'" *Id.* The inquiry is flexible. *See Chiles*, 865 F.2d at 1214. In *Shchegoleva*, this Court found that the intervenor had a direct, substantial, and legally protectable interest in the subject of a § 1782 proceeding because the application there sought documents and records from third parties—including discovery related to the intervenor's financial affairs—for use in a foreign divorce proceeding. 2026 WL 81771, at *4. This Court stated, "Given that the discovery is sought for use against Movant in the Spanish divorce proceeding, and is aimed at information concerning him, Movant's interest satisfies Rule 24(a)(2)'s 'interest' requirement." *Id.*; *see also In re Martinez*, 736 F. Supp. 3d at 1200 ("That Harris and Caribbean Galaxy are the plaintiffs in the underlying St.

Kitts and Nevis actions for which the § 1782 discovery is being sought is enough for them to establish that they have a sufficient interest here.").

Movant's interest in this case is similarly sufficient. As Applicant candidly admits, the Amended Application seeks discovery from certain third parties concerning their involvement with Movant's financial assets. [DE 4] ¶ 1. Just as in *Shchegoleva*, where the would-be intervenor had a sufficient interest because the applicant in the § 1782 proceeding sought discovery to use against the intervenor in a foreign divorce proceeding, Movant here has a sufficient interest because Applicant similarly seeks discovery from third parties to use against Movant in foreign divorce proceedings. *See* 2026 WL 81771, at *4. Movant is thus a real party in interest. No further showing is necessary to satisfy the interest requirement.

### C. Disposition of the Amended Application Without Movant May, as a Practical Matter, Impair or Impede His Ability to Protect His Interests.

"All that is required under Rule 24(a)(2) is that the would-be intervener be practically disadvantaged by his exclusion from the proceedings." *Huff*, 743 F.3d at 800 (citing *Chiles*, 865 F.2d at 1214); *see also Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 134 n.3 (1967) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . .").

Here, Movant would be practically disadvantaged without intervention because "denying intervention would risk authorizing and executing discovery affecting Movant's asserted privacy and litigation interests without affording him an opportunity to be heard before production occurs." *In re Shchegoleva*, 2026 WL 81771, at *5; *see also In re Martinez*, 736 F. Supp. 3d at 1201 ("Because Harris and Caribbean Galaxy are the plaintiffs in the St. Kitts and Nevis actions—and because some of the bank records in question belong to them (and, presumably, will be used against them)—they would be prejudiced if they weren't allowed to intervene in this § 1782 proceeding.").

#### D.      The Existing Parties Will Not Adequately Represent Movant's Interest.

"There is a presumption of adequate representation where an *existing* party seeks the same objectives as the interveners." *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (emphasis added) (citing *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999)). However, "[t]his presumption is weak . . . ." *Id.* Consequently, "[t]he 'inadequate representation' requirement 'should be treated as minimal' and is satisfied 'unless it is clear that [the existing parties] will provide adequate representation." *Huff*, 743 F.3d at 800 (second alteration in original) (quoting *Chiles*, 865 F.2d at 1214). In the context of a § 1782 proceeding, this Court has found that would-be intervenors satisfied their minimal burden where the only existing parties to the § 1782 proceeding were the applicants seeking the discovery, "who (it goes without saying) [were] not pursuing the 'same objectives' . . . ." *In re Martinez*, 736 F. Supp. 3d at 1201; *accord In re Gen. Ret. & Soc. Ins. Auth. for Jud. Assistance to Obtain Discovery for Use in Foreign Procs. Pursuant to 28 U.S.C. § 1782*, No. 24-MC-00002, 2025 WL 2325675, at *2 (M.D. Ga. Aug. 12, 2025).

Here, Applicant is the only "existing" party in this *ex parte* proceeding, as none of the potential subjects of the discovery have appeared. *See In re Martinez*, 736 F. Supp. 3d at 1201. Yet Applicant seeks the requested discovery for use *against* the Movant in the foreign divorce proceedings, so it cannot be said that she is pursuing the "same objectives" as Movant. *See id.*

However, Applicant argues that the presumption of adequate representation applies and that the third parties to whom the discovery requests would be sent "are entities and individuals who are employed by Movant or act at the direction of Movant." [DE 10] at 5. Applicant further highlights that at least two of the third parties who would be subject to the discovery requests are represented by the same counsel as Movant. *Id.* These arguments are unpersuasive. First, as

6

explained above, the presumption of adequate representation does not apply here because the third parties that Applicant seeks discovery from are not "existing" parties to this *ex parte* proceeding under § 1782. *See In re Martinez*, 736 F. Supp. 3d at 1201; *see also Ex Parte*, *Black's Law Dictionary* (12th ed. 2024) ("Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest . . . .").

And, even if the Court were to consider the third parties' ability to represent Movant's interests, a general overlap does not preclude intervention under Rule 24(a)(2). Movant only needs to show that representation "may be inadequate" to meet his "minimal" burden. *Stone*, 371 F.3d at 1311. Having "reasonably aligned interests," as Applicant puts it, does not mean the incentives and defenses of Movant and the third parties are *necessarily* aligned. [DE 10] at 5. Indeed, even "alignment on a broad 'litigation position' does not compel a finding of adequate representation where the intervenor's interests and practical stakes are different in kind and degree." *In re Shchegoleva*, 2026 WL 81771, at *5 (relying on *Huff*, 743 F.3d at 800). Compared to Movant, who is the ultimate target, the third parties Applicant seeks to obtain discovery from are not facing the same stakes. *Cf. id.* ("Even if Havdiak shares a general preference to resist disclosure, her incentives and defenses as a subpoena recipient may differ from Movant's incentives and defenses as the asserted 'target' of the discovery.").

In sum, because Plaintiff has satisfied all four requirements under Rule 24(a)(2), Movant may intervene as a matter of right.

## II.     PERMISSIVE INTERVENTION

A party seeking permissive intervention must establish the following: "(1) [the] application to intervene is timely; and (2) [the intervenor's] claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213; Fed. R. Civ. P. 24(b)(1)(B) ("On

timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."). "The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion." *Chiles*, 865 F.2d at 1213 (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As stated above when addressing intervention as a matter of right, the Motion is timely because it was filed just over a week after the initiation of these proceedings and only a day after the Amended Application was filed. In addition, Movant's claim or defenses and the main action clearly have at least one question of law or fact in common, such as whether Applicant is entitled to discovery under § 1782.

Still, Applicant argues that the Court should refrain from exercising its discretion because intervention would cause undue delay by "transform[ing] a narrow miscellaneous discovery-assistance proceeding into a contested, multi-party dispute . . . ." [DE 10] at 8. Applicant further argues that permissive intervention is unnecessary because Movant can challenge the discovery sought via other procedural mechanisms later, after the subpoenas issue. *Id.* The Court disagrees. This argument boils down to an assertion that the Court should not permit Movant to intervene to challenge the discovery sought by Applicant now because he can challenge it later. *Id.* But if a dispute is going to crop up, then no undue delay or prejudice occurs by addressing that dispute now rather than later. If anything, Applicant's desire to kick the can down the road leads to a greater delay in addressing these § 1782 proceedings overall.

Therefore, the Court will permit Movant to intervene under Rule 24(b) in the alternative to intervention under Rule 24(a).

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1.      The Motion [DE 5] is **GRANTED**.

2.      The Court deems Movant's *Proposed* Response in Opposition to Amended *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [DE 11] to be Movant's response to the Amended Application.

3.      Applicant shall file a reply in support of the Amended Application no later than **April 22, 2026**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of April 2026.

Jared M. Strauss
**United States Magistrate Judge**

9